I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY FIRST CLASS MAIL, POSTAGE PREPAID, TO (SEE BELOW) AT THEIR RESPECTIVE MOST RECENT ADDRESS OF RECORD IN THIS ACTION ON THIS DATE

TO:   DATE:   DEPUTY CLERK:

to Petr w/form on Oct. 15, 2014 by TS



FILED
CLERK, U.S. DISTRICT COURT

October 15, 2014

CENTRAL DISTRICT OF CALIFORNIA
BY: ___TS___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TALMADGE ADIB TALIB,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PETER NICHOLAS et al.,<br><br>　　　　Defendants. | No. CV 14-5871-JAK (DFM)<br><br>MEMORANDUM AND ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |

## I.
## INTRODUCTION

Plaintiff Talmadge Adib Talib ("Plaintiff") filed a pro se civil rights Complaint on August 1, 2014. Dkt. 3 ("Complaint"); Dkt. 3-1 ("Complaint Pt. 2"); Dkt. 3-2 ("Complaint Pt. 3"). In his Complaint, Plaintiff named the following Defendants: Los Angeles County Sheriff's Department ("LASD") Deputies Peter Nicholas, Edward Gonsalves, Fred Nunes, Moyer, and Antonio Sanchez; LASD Captain Eliezer Vera; and "Miguel" and Rob Van Lingen, who are apparently an employee and the owner of Van Lingen

Towing, respectively. Complaint at 3-6.[1] All Defendants were named in both their individual and official capacities. Id.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court screened the Complaint before ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune from such relief. The Court determined that: (1) Plaintiff's allegations were insufficient to state a claim against Defendants in their official capacities; (2) Plaintiff's state-law claims for negligence, assault and battery, false imprisonment, and intentional infliction of emotional distress were subject to dismissal because Plaintiff did not timely comply with the California Tort Claims Act ("CTCA"); (3) Plaintiff had failed to state a claim for relief against Miguel or Van Lingen because he had not alleged any factors to show that they conspired or acted jointly with a state actor to deprive Plaintiff of his constitutional rights; and (4) Plaintiff failed to state a claim against Captain Vera because he failed to alleged any facts to establish supervisory liability. Dkt. 10. The Court accordingly ordered the Complaint dismissed with leave to amend. Id. at 17.

Plaintiff filed a First Amended Complaint on September 24. Dkt. 12 ("FAC"). The FAC names the same Defendants. Id. at 2-6. All Defendants are again named in both their individual and official capacities. Id.

In accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court must screen the FAC before ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief might be granted; or seeks monetary relief against a defendant who is immune

---

[1] Plaintiff did not identify either Moyer's first or Miguel's last name.

from such relief.[2]

## II.

## SUMMARY OF PLAINTIFF'S ALLEGATIONS

The Court has reviewed the FAC's allegations and notes that they are, in large part, similar to the allegations of the Complaint, which were detailed in the Court's prior memorandum and order. See Dkt. 10 at 2-6. Plaintiff continues to allege claims related to three traffic stops which took place on November 17, 2012, April 24, 2013, and April 26, 2013. FAC at 6-15. The Court will accordingly not summarize those allegations again, except as relevant to the discussion below.

### A.  Allegations Regarding LASD "Custom and Practice"

Plaintiff alleges that Nicholas testified as a prosecution witness at a hearing on the citation issued on April 26, 2013. FAC at 16. Nicholas acknowledged that he "use[s]" the company (Van Lingen Towing) that towed Plaintiff's car. Id. Nicholas also testified that he has cars towed as a regular custom and practice. Id. at 17. Plaintiff alleges that Nicholas's statements under oath—together with the "cookie-cutter" nature of the three traffic stops described in the FAC—substantiates the "custom and practice (if not formal policy) of the way [Defendants] are trained and conduct themselves in the community they patrol." Id. Plaintiff further alleges that Nicholas's responses "show agreement and cooperation with Van Lingen Towing Company as a regular custom and practice." Id.

### B.  Allegations Regarding the CTCA

Plaintiff alleges that he has filed a grievance/claim regarding the

---

[2] Plaintiff has filed a "Renewal of Motion for Request for Service by Marshal." Dkt. 13. By separate minute order, this motion will be denied. The Court will not order service until it is satisfied that Plaintiff has submitted a complaint that meets the standards of 28 U.S.C. §§ 1915(e)(2) and 1915A.

allegations in the FAC under the "grievance and/or claim procedure available in California." FAC at 1. Plaintiff also alleges that the "grievance/claim procedure (i.e. CTCA) is completed and/or rejected." Id. It does not appear, however, that the FAC contains any state-law tort claims subject to the CTCA.

### C. Allegations Against Captain Vera

Plaintiff alleges that after the third traffic stop, he wrote Captain Vera a letter in which he "informed him of the rights violations committed by his deputies" and included the "dates, incidents, officers, and the actions of those officers." Id. at 17. Plaintiff demanded the return of his property. Id. at 18. Vera wrote back and indicated that Plaintiff's allegations would be investigated by Lieutenant Adams. Id. Later, Vera wrote Plaintiff another letter in which he informed Plaintiff that "I have found no evidence of wrongdoing and the deputies acted reasonably and within guidelines and policies of our department." Id. at 18-19. Plaintiff alleges that Vera's conclusion and his inaction constitute "deliberate indifference and acquiescence which gave tacit authorization to his officers' actions and was sufficient causal connection to further constitutional deprivation, i.e., the subsequent unlawful conversion and sale of my automobile." Id.at 19.

### D. Allegations Against Miguel and Van Lingen

Plaintiff alleges that Miguel and Van Lingen "willfully participated acting jointly (in collusion) with and/or under the direction of LASD and/or NICHOLAS and GONSALVES" in the seizure of Plaintiff's car. FAC at 5, 6.

## III.
## PLAINTIFF'S CLAIMS

Plaintiff sets forth thirty-one claims for relief:

Plaintiff's first eight claims are against Sanchez for the first traffic stop and allege violations of 42 U.S.C. § 1983. Id. at 7. Plaintiff's first claim alleges a violation of his First Amendment right to freedom of speech. Id. Plaintiff's

4

second, third, fourth, and fifth claims allege violations of his Fourth Amendment rights to be free from unreasonable search of his person and property and unreasonable seizure of his person and personal effects, respectively. Id. Plaintiff's sixth claim alleges that Sanchez violated his Fifth Amendment rights by taking his property without just compensation. Id. Plaintiff's seventh claim alleges that Sanchez violated his Fourteenth Amendment right to due process. Id. Finally, his eighth claim alleges that Sanchez violated his Fourteenth Amendment right to equal protection of the laws. Id.

Plaintiff's ninth through fifteenth claims for relief are alleged against Moyer and Nunes for the April 24, 2013 traffic stop. FAC at 9. These claims mirror the claims against Sanchez except that the Fifth Amendment taking claim is omitted. Id.

Plaintiff's sixteenth through twenty-fourth claims involve the April 26, 2013 traffic stop and subsequent towing of his car. FAC at 9-12. Plaintiff's sixteenth claim alleges a violation of his First Amendment right to freedom of speech. Id. at 9. Plaintiff's seventeenth through twenty-first claims allege violations of his Fourth Amendment rights, alleging that Nicholas and Gonsalves unreasonably searched his person and property and unreasonably seized his person and effects. Id.[3] Plaintiff's twenty-second claim alleges that Nicholas and Gonsalves violated his Fifth Amendment rights by taking his property without just compensation. Id. Plaintiff's twenty-third claim alleges that Nicholas and Gonsalves violated his Fourteenth Amendment right to due process. Id. Finally, his twenty-fourth claim alleges that Nicholas and Gonsalves violated his Fourteenth Amendment right to equal protection of the laws. Id.

---

[3] Claims nineteen and twenty appear to be duplicative.

1    Plaintiff's twenty-fifth, twenty-sixth, and twenty-seventh claims are
2 against Captain Vera. Id. at 17-19. Plaintiff's twenty-fifth claim alleges that
3 Vera deprived Plaintiff of his property without just compensation in violation
4 of the Fifth Amendment. Id. at 17. Plaintiff's twenty-sixth claim alleges that
5 Vera deprived Plaintiff of property without due process in violation of the
6 Fourteenth Amendment. Id. Finally, Plaintiff's twenty-seventh claim alleges
7 that Vera denied Plaintiff equal protection of the laws in violation of the
8 Fourteenth Amendment. Id.
9    Plaintiff's twenty-eighth through thirty-first claims for relief are against
10 Miguel and Van Lingen. Id. at 19-20. Plaintiff alleges that they unreasonably
11 seized Plaintiff's property in violation of the Fourth Amendment, took
12 Plaintiff's property without just compensation in violation of the Fifth
13 Amendment, Deprived Plaintiff of his property without due process in
14 violation of the Fourteenth Amendment, and denied Plaintiff equal protection
15 of the laws in violation of the Fourteenth Amendment. Id. at 19.

## IV.
## STANDARD OF REVIEW

18    The Court's screening of the FAC under the foregoing statutes is
19 governed by the following standards. A complaint may be dismissed as a
20 matter of law for failure to state a claim for two reasons: (1) lack of a
21 cognizable legal theory; or (2) insufficient facts under a cognizable legal theory.
22 See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In
23 determining whether the complaint states a claim on which relief may be
24 granted, its allegations of material fact must be taken as true and construed in
25 the light most favorable to Plaintiff. See Love v. United States, 915 F.2d 1242,
26 1245 (9th Cir. 1989). Further, since Plaintiff is appearing pro se, the Court
27 must construe the allegations of the complaint liberally and must afford
28 Plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police

Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). Moreover, with respect to Plaintiff's pleading burden, the Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted, alteration in original); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding that to avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (internal citation omitted)).

If the Court finds that a complaint should be dismissed for failure to state a claim, the Court has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000) (en banc). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) (noting that "[a] pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the

1 complaint could not be cured by amendment") (citing Noll v. Carlson, 809
2 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is
3 clear that a complaint cannot be cured by amendment, the Court may dismiss
4 without leave to amend. Cato, 70 F.3d at 1105-06; see, e.g., Chaset v.
5 Fleer/Skybox Int'l, 300 F.3d 1083, 1088 (9th Cir. 2002) (holding that "there is
6 no need to prolong the litigation by permitting further amendment" where the
7 "basic flaw" in the pleading cannot be cured by amendment); Lipton v.
8 Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002) (holding that
9 "[b]ecause any amendment would be futile, there was no need to prolong the
10 litigation by permitting further amendment").

## IV.

## DISCUSSION

**A.   Plaintiff Has Not Alleged That Defendants Miguel and Van Lingen Are State Actors for Purposes of Section 1983 Liability**

Plaintiff alleges that defendants Miguel and Rob Van Lingen violated his federal constitutional rights by towing his car on April 26, 2013 and then refusing to return the car to Plaintiff when he demanded its return. FAC at 19-20. As the Court advised Plaintiff when it dismissed the original complaint, in order to state a claim for a civil rights violation under § 1983, Plaintiff must allege that the defendant deprived him of a right guaranteed under the Constitution or a federal statute, while acting under color of state law. The ultimate issue in determining whether a person is subject to suit under § 1983 is whether the alleged infringement of federal rights is fairly attributable to the government. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982); see also Huffman v. Cnty. of L.A., 147 F.3d 1054, 1057 (9th Cir. 1998) (holding that a defendant must have acted "under color of law" to be held liable under § 1983). Simply put, § 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrong." American Mfrs. Mut. Ins. Co. v.

Sullivan, 526 U.S. 40, 49 (1999) (citations and internal quotations omitted).

Because Miguel, the tow truck driver, and Rob Van Lingen, owner of the tow truck company, are private actors, Plaintiff may not bring a cause of action under § 1983 unless Plaintiff sufficiently alleges that Miguel and Van Lingen conspired or acted jointly with a state actor to deprive Plaintiff of his constitutional rights. See United Steelworkers of Am. v. Phelps Dodge Corp., 865 F.2d 1539, 1540 (9th Cir. 1989) ("Private parties act under color of state law if they willfully participate in joint action with state officials to deprive others of constitutional rights.") (en banc). The allegations of the complaint must support the inference that Miguel and Van Lingen and any person acting under color of state law reached an "agreement or meeting of the minds to violate [Plaintiff's] constitutional rights." Id. at 1540-41 (internal quotation marks omitted); see also Franklin v. Fox, 312 F.3d 423, 445 (9th Cir. 1992) (concluding that a "substantial degree of cooperation" with a state official is required to impose civil liability on private individuals for actions that "impinge on civil rights"). Conclusory allegations are insufficient to establish that a private individual was conspiring or acting jointly with a state actor. Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (holding that "bare allegation" of "joint action will not overcome a motion to dismiss; the plaintiff must allege facts tending to show that [Defendants] acted under color of state law or authority") (quoting DeGrassi v. City of Glendora, 207 F.3d 636, 647 (9th Cir. 2000)); Simmons v. Sacramento Cnty. Superior Ct., 318 F.3d 1156, 1161 (9th Cir. 2003) ("Plaintiff's conclusory allegations that the lawyer was conspiring with state officers to deprive him of due process are insufficient.").

Plaintiff's effort in the FAC to comply with this pleading requirement consists of the conclusory allegation that Miguel and Van Lingen acted jointly with or under the direction of Nicholas and Gonsalves. See, e.g., FAC at 5, 6.

As was the case with the original complaint, such a "bare allegation" of joint action is not sufficient to support the inference that Miguel or Van Lingen conspired or acted jointly with a state actor to deprive Plaintiff of his constitutional rights. Accordingly, Plaintiff has failed to state a claim for relief against Miguel or Rob Van Lingen.

### B. Plaintiff's Allegations Continue to Be Insufficient to State a Claim Against Defendants in Their Official Capacities

As he did in the original Complaint, Plaintiff continues in the FAC to name each of the Defendants in his or her official capacity. As the Court previously advised Plaintiff, the Supreme Court has held that an "official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985); see also Brandon v. Holt, 469 U.S. 464, 471-72 (1985); Larez v. City of L.A., 946 F.2d 630, 646 (9th Cir. 1991). Such a suit "is not a suit against the official personally, for the real party in interest is the entity." Graham, 473 U.S. at 166. This Court will accordingly analyze whether Plaintiff has stated a claim against the LASD.[4]

A local government entity such as the LASD "may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is only when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. N.Y. City Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Thus, the LASD may not be held liable for the alleged actions of the

---

[4] Plaintiff also names Miguel and Van Lingen in their official capacities. In light of the Court's determination, see Part A., supra, that Plaintiff has not stated a cause of action against either Defendant, the Court need not address whether Plaintiff can maintain a cause of action against these private actors in their official capacities.

10

Case 2:14-cv-05871-JAK-DFM Document 15 Filed 10/15/14 Page 11 of 14 Page ID #:478

individual defendants whose alleged conduct gave rise to Plaintiff's claims unless "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by that body's officers," or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom' even though such a custom has not received formal approval through the body's official decision-making channels." Monell, 436 U.S. at 690-91.

Plaintiff endeavors to satisfy this pleading requirement by pointing to Nicholas's testimony in traffic court, where Nicholas allegedly answered "yes, sir" when Plaintiff asked whether "cars are towed as a regular custom and practice." FAC at 16-17. But even Plaintiff's description of Nicholas's testimony indicates that he is discussing his practice of towing cars, not the LASD's. Id. ("'I tow cars . . . Maybe not the most; not the least'"). Moreover, the Court's "experience and common sense," see Iqbal, 556 U.S. at 679, informs it that a patrol officer such as Nicholas would have some familiarity with having cars towed as part of his regular duties and would refer to his own "custom and practice." The Court therefore does not take Nicholas's testimony alone as supporting a reasonable inference that the LASD has a governmental custom of engaging in unconstitutional conduct. See, e.g., Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); Thompson v. Los Angeles, 885 F.2d 1439, 1443-44 (9th Cir. 1989) ("Consistent with the commonly understood meaning of custom, proof of random acts or isolated events are insufficient to establish custom."), overruled on other grounds, Bull v. City & Cnty. of S.F., 595 F.3d 964, 981 (9th Cir. 2010) (en banc). Accordingly, the FAC fails to state a claim against Defendants in their official capacities.

11

C. **Construed Liberally, Plaintiff's Allegations Are Sufficient to State a Claim Against Defendant Vera**

Plaintiff alleges that LASD Captain Vera, who Plaintiff alleges is the direct supervisor of the other LASD Defendants, violated his Fifth and Fourteenth Amendment rights by failing to provide a proper response to Plaintiff's May 20, 2013 letter regarding the incidents alleged in the FAC. FAC at 17-19. Plaintiff contends that the inadequate response by Vera to Plaintiff's letter gave "tacit authorization" to the alleged constitutional violations committed by the other LASD Defendants. Id. at 19.

Supervisory personnel generally are not liable under 42 U.S.C. § 1983 on any theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. See, e.g., Redman v. Cnty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991). In Iqbal, the Supreme Court reaffirmed that "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior liability." 556 U.S. at 676. However, the Ninth Circuit has concluded that, at least in cases where the applicable standard is deliberate indifference (such as for an Eighth Amendment claim), Iqbal does not foreclose a plaintiff from stating a claim for supervisory liability based upon the "supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). The Ninth Circuit thus held:

> A defendant may be held liable as a supervisor under § 1983 'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.' '[A] plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as

  long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right.'

  'The requisite causal connection can be established . . . by setting in motion a series of acts by others,' or by 'knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury.' 'A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.'

Id. at 1207-08 (internal citations omitted, alterations in original). In addition, to premise a supervisor's alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a "direct causal link" between that policy and the alleged constitutional deprivation. See, e.g., City of Canton v. Harris, 489 U.S. 378, 385 (1989); Oviatt v. Pearce, 954 F.2d 1470, 1474 (9th Cir. 1992).

  Plaintiff alleges in the FAC that he wrote a letter to Vera on May 20, 2013, describing the "in detail" the three traffic stops. FAC at 17. Plaintiff therefore alleges that Vera "knew or should have known the manner in which these types of vehicle impound situations are frequently and deceptively concluded . . . due to an inability to pay the storage bill." Id. Plaintiff alleges that Vera's conclusion in the face of his allegations that there was no evidence of wrongdoing "stands as deliberate indifference and acquiescence which gave tacit authorization to his officers' actions." Id. at 19. Construed liberally, these allegations are arguably sufficient to demonstrate that Vera refused to terminate a series of events which he knew or had reason to know would cause a constitutional injury. This allegedly knowing acquiescence is arguably

sufficient to state a claim for relief under Starr.

## V.
## CONCLUSION

Because Plaintiff's official-capacity claims and his claims against Miguel and Rob Van Lingen fail to state claim on which relief may be granted, the FAC is subject to dismissal. Because it is not absolutely clear that Plaintiff's pleading deficiencies cannot be cured by amendment, such dismissal will be with leave to amend. Accordingly, Plaintiff shall file a Second Amended Complaint within thirty-five (35) days of the date of this Order remedying the deficiencies discussed above. Plaintiff's Second Amended Complaint should bear the docket number assigned in this case; be labeled "Second Amended Complaint"; and be complete in and of itself without reference to the prior complaints or any other pleading, attachment or document.

**Plaintiff is admonished that, if he fails to timely file a Second Amended Complaint, the Court will recommend that this action be dismissed with prejudice for failure to diligently prosecute.**

Dated: October 15, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

14